# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| PAUL GAGLIARDI, | : | |
| Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:17-cv-00857 (VAB) |
| v. | : | |
| | : | |
| SACRED HEART UNIVERSITY, | : | |
| INCORPORATED, | : | |
| Defendant. | : | DECEMBER 4, 2017 |
| | : | |

## ANSWER AND AMENDED AFFIRMATIVE DEFENSES

The Defendant, Sacred Heart University, Incorporated ("Defendant" or "SHU"), submits

this Answer and Amended Affirmative Defenses to the Amended Complaint dated June 15, 2017

(Doc. No. 7) (the "Complaint") filed by the Plaintiff, Paul Gagliardi ("Plaintiff").  Any allegation

not specifically addressed herein is denied.

## NATURE OF THE CLAIMS

1.      Defendant denies that Plaintiff was discriminated against.  The remaining

allegations of Paragraph 1 are legal conclusions, and therefore do not require an admission or

denial by Defendant.

2.      Defendant denies that Plaintiff is entitled to judgment or the relief sought in

Paragraph 2.

## JURISDICTION AND VENUE

3.      The allegations of Paragraph 3 are legal conclusions, and therefore do not require

an admission or denial by Defendant.

4.      The allegations of Paragraph 4 are legal conclusions, and therefore do not require an admission or denial by Defendant.

5.      The allegations of Paragraph 5 are legal conclusions, and therefore do not require an admission or denial by Defendant.

**EXHAUSTION OF REMEDIES**

6.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies them and leaves Plaintiff to his proof.

7.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies them and leaves Plaintiff to his proof.

8.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies them and leaves Plaintiff to his proof.

9.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies them and leaves Plaintiff to his proof.

**PARTIES**

10.      The allegations of Paragraph 10 are admitted.

11.      As to the allegations of Paragraph 11, Defendant admits that it is a private university located at 5151 Park Avenue, Fairfield, CT 06825, offering undergraduate, graduate, and doctoral degree programs.

12.      The allegations of Paragraph 12 are admitted.

2

**FACTS**

13.    The allegations of Paragraph 13 are admitted.

14.    The allegations of Paragraph 14 are admitted.

15.    The allegations of Paragraph 15 are denied.  Responding further, Defendant fields fourteen men's teams and eighteen women's teams.

16.    As to the allegations of Paragraph 16, Defendant admits that it hired Plaintiff on September 25, 2006, in the position of Head Coach, Men's Tennis (Seasonal).

17.    As to the allegations of Paragraph 17, Defendant admits that it employed Plaintiff from September 26, 2006, until his termination on September 28, 2016.

18.    The allegations of Paragraph 18 are admitted.

19.    The allegations of Paragraph 19 are denied.

20.    The allegations of Paragraph 20 are denied.

21.    The allegations of Paragraph 21 are denied.

22.    The allegations of Paragraph 22 are denied.

23.    As to the allegations of Paragraph 23, Defendant admits that Plaintiff's salary for the position of Head Coach, Men's Tennis (Seasonal), September 25, 2006 – May 31, 2007, was $5,000.00.

24.    As to the allegations of Paragraph 24, Defendant admits that effective January 1, 2016, Plaintiff's annual salary for the position of Head Coach, Men's Tennis (Part-Time) was $20,000.00.

25.    The allegations of Paragraph 25 are admitted.

26.    The allegations of Paragraph 26 are denied.

27.    The allegations of Paragraph 27 are denied.

3

113425646.1

28.    The allegations of Paragraph 28 are denied.

29.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 29, and therefore denies them and leaves Plaintiff to his proof.

30.    The allegations of Paragraph 30 are denied.  Responding further, during Plaintiff's tenure the men's tennis team made two NCAA Division I team championship appearances as the conference's automatic qualifier.

31.    As to the allegations of Paragraph 31, Defendant admits that the FY2016 first contest roster for the men's tennis team contained ten (10) student athletes, and the FY2016 first contest roster for the women's tennis team contained nine (9) student athletes.

32.    The allegations of Paragraph 32 are denied.

33.    The allegations of Paragraph 33 are denied.

34.    The allegations of Paragraph 34 are denied.

35.    The allegations of Paragraph 35 are denied.

36.    The allegations of Paragraph 36 are denied.

37.    The allegations of Paragraph 37 are denied.

38.    The allegations of Paragraph 38 are denied.

39.    The allegations of Paragraph 39 are denied.

40.    The allegations of Paragraph 40 are denied.

41.    The allegations of Paragraph 41 are admitted.

42.    The allegations of Paragraph 42 are denied.

43.    The allegations of Paragraph 43 are denied.

44.    The allegations of Paragraph 44 are denied.

4

45.     The allegations of Paragraph 45 are denied.

46.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 46, and therefore denies them and leaves Plaintiff to his proof.

47.     The allegations of Paragraph 47 are denied.

48.     The allegations of Paragraph 48 are denied.

49.     The allegations of Paragraph 49 are denied.

50.     As to the allegations of Paragraph 50, Defendant admits that Plaintiff requested his Part-Time position be made a Full-Time position.  The remaining allegations are denied.

51.     The allegations of Paragraph 51 are denied.

52.     The allegations of Paragraph 52 are denied.

53.     The allegations of Paragraph 53 are denied.

## Count One
### Discrimination in Violation of Title VII

54.     Defendant incorporates its answers to Paragraphs 1 through 53 of the Complaint as its answer to this Paragraph 54 of Count One, as if set forth fully herein.

55.     The allegations of Paragraph 55 of Count One are denied.

56.     The allegations of Paragraph 56 of Count One are denied.

57.     The allegations of Paragraph 57 of Count One are denied.

58.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 58 of Count One, and therefore denies them and leaves Plaintiff to his proof.

113425646.1

**Count Two**
**Retaliation in Violation of Title VII**

59.    Defendant incorporates its answers to Paragraphs 1 through 53 of the Complaint as its answer to this Paragraph 59 of Count Two, as if set forth fully herein.

60.    The allegations of Paragraph 60 of Count Two are denied.

61.    The allegations of Paragraph 61 of Count Two are denied.

62.    The allegations of Paragraph 62 of Count Two are denied.

63.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 63 of Count Two, and therefore denies them and leaves Plaintiff to his proof.

**Count Three**
**Violation of the Equal Pay Act**

64.    Defendant incorporates its answers to Paragraphs 1 through 53 of the Complaint as its answer to this Paragraph 64 of Count Three, as if set forth fully herein.

65.    The allegations of Paragraph 65 of Count Three are denied.

66.    As to the allegations of Paragraph 66 of Count Three, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's incurring attorney's fees, and therefore denies them and leaves Plaintiff to his proof.  The remaining allegations are denied.

**Count Four**
**Discrimination in Violation of Title IX**

67.    Defendant incorporates its answers to Paragraphs 1 through 53 of the Complaint as its answer to this Paragraph 67 of Count Four, as if set forth fully herein.

68.    The allegations of Paragraph 68 of Count Four are admitted.

69.    The allegations of Paragraph 69 of Count Four are denied.

6

70.     The allegations of Paragraph 70 of Count Four are denied.

71.     The allegations of Paragraph 71 of Count Four are denied.

72.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 72 of Count Four, and therefore denies them and leaves Plaintiff to his proof.

## Count Five
### Retaliation in Violation of Title IX

73.     Defendant incorporates its answers to Paragraphs 1 through 53 of the Complaint as its answer to this Paragraph 73 of Count Five, as if set forth fully herein.

74.     The allegations of Paragraph 74 of Count Five are denied.

75.     The allegations of Paragraph 75 of Count Five are denied.

76.     The allegations of Paragraph 76 of Count Five are denied.

77.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 77 of Count Five, and therefore denies them and leaves Plaintiff to his proof.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to judgment or the relief sought in the Prayer for Relief, Paragraphs 1–5.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically addressed herein.

7

113425646.1

## AFFIRMATIVE AND OTHER DEFENSES[1]

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to exhaust all procedural requirements or other prerequisites to commence this action.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### FOURTH DEFENSE

Even if Plaintiff suffered damages legally attributable to any action by Defendant, which he did not, Plaintiff's claims for damages are barred or reduced by his failure or inability to mitigate his alleged damages, including by using reasonable diligence to seek and obtain comparable employment elsewhere.

### FIFTH DEFENSE

Certain of Plaintiff's claims are subject to the damages caps established by 42 U.S.C. § 1981a.

### SIXTH DEFENSE

Plaintiff's level of compensation has at all times been based on a merit system and/or other factors other than sex.

---

[1] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

8

Defendant reserves the right to amend its answer, to add additional or other defenses, delete or withdraw defenses, and to add other clams as they may become necessary after reasonable opportunity for discovery.

THE DEFENDANT,
SACRED HEART UNIVERSITY
INCORPORATED

By: ___/s/ Jonathan C. Sterling_____
James M. Sconzo (ct04571)
Jonathan C. Sterling (ct24576)
Jillian R. Orticelli (ct28591)
CARLTON FIELDS JORDEN BURT, P.A.
1 State Street, Suite 1800
Hartford CT  06103
Tel.: 860-392-5000
Fax: 860-392-5058
jsconzo@carltonfields.com
jsterling@carltonfields.com
jorticelli@carltonfields.com

Its Attorneys

9

113425646.1

## CERTIFICATION

The undersigned hereby certifies that on this date a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jonathan C. Sterling*

Jonathan C. Sterling

113425646.1