UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PAUL GAGLIARDI,
            Plaintiff,

v.

SACRED HEART UNIVERSITY,
INCORPORATED,
            Defendant.

:
:
:
:
:
:
:
:
:
:

CIVIL CASE NO.
3:17-cv-00857-VAB

SEPTEMBER 6, 2019

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

The Defendant, Sacred Heart University, Incorporated ("SHU"), submits this memorandum in opposition to Plaintiff's Rule 59(e) Motion, filed on August 16, 2019, which seeks reconsideration of the Court's ruling granting summary judgment to SHU. As set forth below, the Motion is untimely and fails to cite any intervening change of controlling law, new evidence, or clear error. Plaintiff's Motion is simply an attempt to reargue the correctly-decided Motion for Summary Judgment, and should be denied.

## I.      BACKGROUND

Following extensive briefing, on April 24, 2019, the Court scheduled oral argument on SHU's Motion for Summary Judgment for June 26, 2019. Plaintiff's counsel missed the June 26, 2019 argument due to a scheduling oversight and the argument was rescheduled by the Court to July 9, 2019 at the request of Plaintiff's Counsel. At the July 9, 2019 hearing, the Court heard oral argument for well-over an hour and allowed counsel a full opportunity to present whatever argument they deemed appropriate.

On July 16, 2019, the Court issued its thirty-page, carefully-considered decision granting summary judgment to SHU on all of Plaintiff's claims. Three days later, on July 19, 2019, judgment was entered in favor of SHU. On August 16, 2019, Plaintiff filed his Rule 59(e) Motion.

## II.    STANDARD

D. Conn. L. Civ. R. 7(c) allows parties to file motions for reconsideration, but states that such motions must "set[ ] forth concisely the controlling decisions or data the movant believes the Court overlooked." "A motion for reconsideration filed under Local Rule 7(c) is equivalent as a practical matter to a motion for amendment of judgment under Fed. R. Civ. P. 59(e)." *Kelly v. Honeywell Int'l, Inc.*, No. 3:16-CV-00543 (VLB), 2017 WL 6948927, at *2 (D. Conn. May 25, 2017) (citing *City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991)). "[E]ach seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance*." City of Hartford*, 942 F.2d at 133. "Under either rule, the standard for granting a motion for reconsideration is strict." *Marshall v. City of Meriden*, No. 3:11-CV-577 (JCH), 2017 WL 5513202, at *1 (D. Conn. Mar. 13, 2017) (citation and internal quotation marks and modification omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (Citation and internal quotation marks omitted.) *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

"It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' ...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion."

*Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018); *accord Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

## III.    ARGUMENT

In opposing Plaintiff's Motion, SHU hereby adopts all of its arguments set forth in its Memorandum of Law in Support of Motion for Summary Judgment and its Reply Memorandum in Further Support of Motion for Summary Judgment. In addition, Plaintiff's Motion should be denied because it is untimely and because he has failed to point to any intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Instead, Plaintiff impermissibly seeks to reargue the Court's order granting summary judgment to SHU.

### A.    The Motion Is Untimely

Summary judgment entered for SHU on July 16, 2019. On July 19, 2019, the Court entered judgment for SHU. On August 16, 2019, thirty-one (31) days after the summary judgment order, Plaintiff moved for reconsideration. Plaintiff's motion is untimely.

D. Conn. Local Rule 7(c) requires motions for reconsideration to be filed within seven (7) days of the filing of the order of which modification is being sought. Because Plaintiff missed this deadline, his Motion should be denied. This is true even though he labels it as a motion under Federal Rule 59(e), not Local Rule 7. *See Murphy v. Feliciano*, No. 3:17-cv-269 (VLB), 2017 WL 3698490 (D.Conn. Aug. 25, 2017) ("Rule 59(e) governs motions to "alter or amend" a judgment, and Rule 60(b) governs relief from a judgment for a compelling reason. *See id.* However, pursuant to District of Connecticut Local Rule 7(c), motions for reconsideration under Rule 59(e) must be filed within seven (7) days of the filing of the Order."); *McPhaul v. Astrue*, No. 09–3207 (JLL), 2011 WL 735171, at *1 (D.N.J. Feb. 23, 2011) ("this Court issued an Order

3

denying the Commissioner's 59(e) motion to alter or amend because it was untimely. This Court stated that the District of New Jersey's Local Rule 7.1(i) creates a procedure or filing motions for reconsideration, and requires service and filing to be completed within 14 days of the Court's Order, and not 28 days as delineated by Rule 59(e).") *see also Kollar v. Allstate Ins. Co.*, No. 3:16-cv-1927(VAB), 2019 WL 2233263 (D. Conn. May 23, 2019) (discussing Local Rule 7(c)'s time limitation).

Accordingly, Plaintiff's Motion must be denied as untimely.[1]

**B.      The Motion Is Meritless And Simply Seeks Another Bite At The Apple.**

Plaintiff has not come close to meeting the "strict" standard for granting a motion for reconsideration. Instead, he is seeking to reargue SHU's summary judgment motion that was already the subject to extensive briefing, a lengthy hearing, and a reasoned written opinion. Reconsideration may only be granted where there is an intervening change of controlling law, new evidence, or clear error or to prevent manifest injustice, none of which are present here. *See Kolel Beth*, 729 F.3d at 104. As such, the Motion for Reconsideration must be denied.

### 1.      There Is No New Evidence Available.

Plaintiff does not argue there is new evidence that was not previously presented to the Court. Instead, he cites evidence already in the summary judgment record. As such, Plaintiff has not met this basis for reconsideration. *See Kopperl v. Bain*, No. 3:09-cv-1754 (CSH), 2016 WL 310719, at *3 (D. Conn. Jan. 26, 2016) ("[N]ewly discovered evidence must not have been available prior to the entry of the judgment leading to reconsideration. If that were not the case, the movant in a motion for reconsideration would have a proverbial 'second bite at the apple.' ").

---

[1] Plaintiff's Motion is also procedurally defective in other respects. Local Rule 7(c) requires that motions for reconsideration "set[ ] forth concisely the controlling decisions or data the movant believes the Court overlooked." Plaintiff's lengthy memorandum fails to set forth arguments in a concise manner and should be rejected for that reason alone. In this regard, it is particularly telling that the Motion for Reconsideration is longer that Plaintiff's Opposition to Motion for Summary Judgment. Furthermore, Plaintiff's Motion is not accompanied by a separate memorandum of law, as required by Local Rule 7(a)(1), which failure "may be deemed sufficient cause to deny the motion."

2.    There Was No Change In Controlling Law.

Plaintiff has not argued that there has been a change in controlling law since the Court's decision. As such, Plaintiff has not met this basis for reconsideration.

The only recent decision mentioned by Plaintiff is *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30 (2d Cir. 2019), which was decided in early April 2019; well prior to the Court's decision. Plaintiff does not argue that *Davis-Garett* represents a change in the law, nor does anything in that decision suggest it altered the analysis of discrimination or retaliation laws. Moreover, Plaintiff had ample opportunity to present that case to the Court at oral argument but did not. He cannot now do so on a motion for reconsideration.

Regardless, *Davis-Garett* is not instructive to this case. In *Davis-Garrett*, the Second Circuit found that the district court should have let the following issues be decided by a jury: 1) whether the hostility of the plaintiff's work environment rose to an actionable level; and 2) whether rescission of a job assignment and a position transfer rose to the level of "adverse employment actions." *Id.* at 46-48. Plaintiff makes no claim of hostile work environment, and there is no dispute that his termination was an adverse employment action. As such, *Davis-Garett* is irrelevant. However, the Second Circuit has not hesitated to affirm district courts' summary judgments in discrimination/retaliation cases like this, where there was insufficient evidence of a prima facie case and/or pretext. *See, e.g., Wenc v. New London Board of Education*, 702 Fed.Appx. 27 (2d Cir. 2017) (affirming this Court's summary judgment decision in discrimination/retaliation case); *Stoddard v. Eastman Kodak Co.*, 309 Fed. Appx. 475 (2d Cir. 2009) (affirming summary judgment on gender discrimination and retaliation claims). For example, in the very recent case of *Bentley v. AutoZoners, LLC*, --- F.3d ----, 2019 WL 3884248 (2d Cir. Aug. 19, 2019), the Second Circuit affirmed the district court's conclusion that there was insufficient evidence of pretext to support claims of sex discrimination and retaliation. *Id.* at *8-

5

\*9. The Court's entry of summary judgment in this case is entirely consistent with, and required by, controlling case law.

### 3.    There Was No Clear Error Or Manifest Injustice.

"Clear error" is error that is "unquestionably erroneous." Black's Law Dictionary (10th ed. 2014). "Manifest Injustice" is "a direct, obvious, and observable error...." *Id.* Plaintiff has not pointed to any error in the Court's decision, much less any "clear" or "obvious" error as is required for reconsideration. Each of the arguments raised in the Motion for Reconsideration was either not asserted previously, or was previously considered and properly rejected by the Court.

With respect to his retaliation claims, Plaintiff argues that his July 2016 letter to SHU provided the temporal proximity necessary to show a causal connection. (Motion, pp. 10-11.) The Court considered this argument and correctly rejected it, noting that Plaintiff complained of alleged gender discrimination at least eleven (11) months before his termination, which did not support a causal connection. (Order, pp. 23-24.); *see also Leitgen v. Franciscan Skemp Healthcare, Inc.*, 630 F.3d 668, 675 (7th Cir. 2011) (ruling that because the employee had been complaining to her employer for years, she was required to offer a valid reason why her most recent complaint would "suddenly trigger retaliation"); *Stoddard*, 309 Fed. Appx. at 480 ("where the protected activity took place two months prior to the alleged adverse action, and where there is nothing other than that temporal proximity invoked to establish a retaliatory intent, the causal relationship is not established."). Plaintiff also claims that there were inferences of retaliatory intent that could be drawn from Plaintiff's team's budget, schedule and other terms and conditions of employment of Plaintiff's employment, but this argument is unsupported and was not made previously. (*See* Motion, pp. 11-12; Plaintiff's Opposition to Motion for Summary Judgment, pp. 17-19.) Therefore, he cannot raise it now and, regardless, there is no evidence to

6

support it. *See In re Application of Furstenberg Finance SAS*, --- Fed.Appx. ----2019 WL 4127332, at *2 (2d Cir. Aug. 30, 2019) ("a party may not advance new arguments or requests for relief in a motion for reconsideration...."). Plaintiff also resurrects his argument that certain alleged statements by SHU employees are sufficient to create an inference of retaliatory intent. This topic was extensively briefed and argued before the Court and no inference was found based on this argument. (*See* SHU's Reply to Opposition to Motion for Summary Judgment, pp. 9-10.) Plaintiff cannot have a second bite at this apple.

Plaintiff devotes several pages (pp. 12-17) of his Motion to arguing about the facts surrounding his being late to and/or missing matches, and argues these events failed to provide a non-retaliatory reason for his termination. In doing so, Plaintiff is simply seeking to reargue a key issue that the Court has already carefully considered and ruled upon. (*See* Order at pp. 18, 25; SHU's Reply to Opposition to Motion for Summary Judgment, pp. 7-9.) As determined by the Court, the undisputed evidence is clear that "Mr. Gagliardi arrived late to every practice, missed several practices...and missed competitions." (Order, p. 25.) Plaintiff has attempted, through his affidavit submitted to oppose summary judgment, to walk-back some of his admissions about missing practices and games and argue that his misconduct was not sufficiently serious, but he has not and cannot contradict his earlier admissions, and Plaintiff has not met his burden of showing pretext. *See Bentley*, 2019 WL 3884248, at *8 (noting that the plaintiff could "not urge pretext simply by questioning whether her misconduct was sufficiently severe to warrant termination."); *see also* SHU's Reply to Opposition to Motion for Summary Judgment, pp. 7-9. The Court's determination that there was a legitimate, non-discriminatory, non-pretextual reason for terminating Plaintiff's employment was entirely correct.

With respect to Plaintiff's gender discrimination claims, he argues that the Court should have determined that other coaches were similarly-situated comparators. In this regard, Plaintiff inexplicably clings to his argument that he can show gender discrimination by comparing himself to another male, Mr. Guastelle. The Court correctly concluded that comparison to a male does not support a gender discrimination claim, and Mr. Guastelle was not an appropriate comparator because he was also Plaintiff's supervisor and had additional duties Plaintiff did not. (Order, p. 12.) The Court also correctly concluded that Plaintiff has not cited any similarly situated female comparators. (Order, p. 13-14.) Plaintiff admitted he was not qualified to coach any sports other than tennis, so the Court correctly concluded that he cannot compare himself to coaches of other sports. Moreover, in its Memorandum of Law in support of Motion for Summary Judgment, SHU cited evidence demonstrating that there were significant differences between tennis and the other sport programs that Plaintiff cited as comparators in his Complaint. (Memorandum of Law, pp. 11-13.) Plaintiff did not in his Opposition brief or in his Motion for Reconsideration address any of that evidence, and that evidence further refutes his claims of comparability. Furthermore, Plaintiff ignores the fact is that universities routinely and legitimately pay and classify coaches differently, depending upon what sport they coach. For example, SHU employs several full-time male head coaches, for the sports of Men's: Football, Lacrosse, Ice Hockey, Wrestling, Cross Country, and Track and Field. (MG Dep. at 77-78.) Certain other sports at SHU have a single coach for both the men's and women's teams, including: Golf, Fencing, and, currently, Tennis. (MG Dep. at 43, 44.) All of this demonstrates that the Court properly disposed of Plaintiff's discrimination claims on summary judgment.

The Court did not commit any error, "clear," "obvious," or otherwise. It carefully analyzed the law and facts and granted summary judgment to SHU. Plaintiff is not be permitted to relitigate that decision.

## IV.    CONCLUSION

For the above reasons, as well as those set forth in the Court's well-reasoned decision, and in SHU's summary judgment briefing, Plaintiff's Motion for Reconsideration should be denied.[2]

THE DEFENDANT,
SACRED HEART UNIVERSITY,
INCORPORATED

By:  /s/ Jonathan C. Sterling
James M. Sconzo (ct04571)
Jonathan C. Sterling (ct24576)
Jillian R. Orticelli (ct28591)
CARLTON FIELDS
One State Street, Suite 1800
Hartford, CT  06103
Tel.: 860-392-5000 / Fax: 860-392-5058
Email: jscsonzo@carltonfields.com
        jsterling@carltonfields.com
        jorticelli@carltonfields.com
Its Attorneys

---

[2] The Conclusion to Plaintiff's Motion states "WHEREFORE, the plaintiff requests that the hearing on the defendant's Motion for Summary Judgment be continued to a future date at the Court's discretion." This was the same Conclusion as in Plaintiff's June 28, 2019 Motion for Continuance of Hearing on Motion for Summary Judgment Nunc Pro Tunc (Docket Entry #39). SHU therefore assumes that this is a typographical error, but to the extent it is not, the request for a re-hearing should be rejected for the reasons set forth above.

## CERTIFICATION OF SERVICE

I hereby certify that on September 6, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jonathan C. Sterling*
Jonathan C. Sterling