UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL GAGLIARDI,
    *Plaintiff*,

v.

SACRED HEART UNIVERSITY,
    *Defendant.*

No. 3:17-cv-857 (VAB)

**RULING AND ORDER ON MOTION FOR RECONSIDERATION**

On May 23, 2017, Paul Gagliardi ("Plaintiff") sued Sacred Heart University ("Defendant" or "Sacred Heart") for sex discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et. seq.* ("Title VII"); Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. § 1681, *et. seq.* ("Title IX"); and the Equal Pay Act of 1963 ("Equal Pay Act"), 29 U.S.C. § 206(d), *et seq.* Compl., ECF No. 1 (May 23, 2017); *see also* Am. Compl., ECF No. 7 (June 15, 2017).

On July 16, 2019, the Court granted Sacred Heart's motion for summary judgment and dismissed the case in its entirety. Ruling and Order on Mot. for Summ. J., ECF No. 44 (July 16, 2019) ("Ruling and Order").

On August 16, 2019, Mr. Gagliardi moved under Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's ruling and order on the motion for summary judgment. Mot. for Recons., ECF No. 46 (Aug. 16, 2019).

On September 6, 2019, Sacred Heart filed a memorandum in opposition to Mr. Gagliardi's motion for reconsideration. Mem. in Opp'n to Mot. for Recons., ECF No. 47 (Sept. 6, 2019) ("Def.'s Opp'n Mem.").

1

On September 21, 2019, Mr. Gagliardi filed a reply brief supporting his motion for reconsideration. Reply, ECF No. 48 (Sept. 21, 2019) ("Pl.'s Reply").

For the following reasons, the Court **DENIES** the motion for reconsideration.

I.  **STANDARD OF REVIEW**

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to "alter or amend a judgment" no later than 28 days after the entry of the judgment. Courts consider a motion made under Rule 59(e) of the Federal Rules of Civil Procedure a motion for reconsideration. *See Krohn v. N.Y. City Police Dep't.*, 341 F.3d 177, 179 (2d Cir. 2003) (noting that a party timely filed for reconsideration under Fed R. Civ. P. 59(e)). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010).

"A motion for reconsideration is committed to the sound discretion of the court." *Nygren v. Greater N.Y. Mut. Ins. Co.*, No. 3:07-cv-462 (DJS), 2010 WL 3023892, at *2 (D. Conn. Aug. 2, 2010) (internal citation and quotation marks omitted); *see also Lesch v. United States*, 372 F. App'x 182 (2d Cir. 2010) ("The standard of review of a district court order granting or denying a motion for [reconsideration under both Rule 59(e) and Rule 60(b)] is whether the order constituted an abuse of discretion." (citing *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999))).

"An argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for [a motion for reconsideration]." *In re Star Gas*

*Sec. Litig.*, 241 F.R.D. 428, 432 (D. Conn. 2007). "In other words, a party cannot prevail on a motion for reconsideration based on arguments already raised and litigated or arguments or theories it failed to raise in the underlying motion." *Kleban Holding Co., LLC v. Ann Taylor Retail, Inc.*, No. 3:11-cv-01879 (VLB), 2014 WL 12754945, at *1 (D. Conn. Sept. 3, 2014).

## II. DISCUSSION

A motion for reconsideration should be granted only where the defendant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted); *Kolel Bell Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

Here, neither the law nor facts have changed since the Court's ruling and order granting Sacred Heart's summary judgment motion. As a result, Mr. Gagliardi must identify a clear error on the part of the Court for his motion to succeed.

Mr. Gagliardi argues that "the Court overlooked multiple questions of material fact that apply to both the purported legitimate reasons for the [P]laintiff's termination and his arguments concerning pretext. These questions should not have been answered by the Court and should have been left to the jury." Mot. for Recons. at 2. He argues that the Court "accepted the facts offered by the [D]efendant without consideration of the counter facts offered by the [P]laintiff (non-movant), as well as the reasonable inferences to be drawn therefrom." *Id.* at 9.

Specifically, Mr. Gagliardi argues that the Court "failed to properly consider the following genuine issues of material fact" and thus "overlooked the following reasonable and material inferences favorable to Gagliardi that defeat summary judgment in [D]efendant's favor." Mot. for Recons. at 10.

3

Sacred Heart argues that Mr. Gagliardi's motion for reconsideration "is simply an attempt to reargue the . . . Motion for Summary Judgment . . . ." Def.'s Opp'n Mem. at 1.

The Court agrees.

**A. Retaliation Claims under Title VII and Title IX**

The Court found that Mr. Gagliardi had not raised a genuine issue of material fact as to his claims under Title VII and Title IX that Sacred Heart retaliated against him for complaining about gender discrimination. Ruling and Order at 30. Mr. Gagliardi now asks the Court to reconsider several elements of this finding.

The Court found that Mr. Gagliardi could not establish a causal connection between his protected activity and his eventual termination. *Id.* at 22-23; *see Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015) (plaintiff must demonstrate a "causal connection between . . . the protected activity and the adverse employment action.") Mr. Gagliardi now argues that the evidence of "temporal proximity is certainly enough to set forth a *prima facie* case or, at a minimum, raise questions of fact that must be addressed by the jury." Mot. for Recons. at 11.

But as the Court previously stated, "Mr. Gagliardi complained of gender discrimination" in October 2015, "alleged gender discrimination at meetings throughout the school year" of 2015-2016, and "again complained of gender discrimination" in late July 2016. Ruling and Order at 23. "[I]mportantly, after Mr. Gagliardi's gender discrimination complaint, Sacred Heart re-hired him for the 2016-17 school year." *Id.* at 24. He was not terminated until late September of 2016. Mr. Gagliardi did not explain why, after many months of complaining of gender discrimination, followed by Sacred Heart's decision to re-hire him, Sacred Heart would suddenly decide to fire him based on his gender discrimination complaints. *See Leitgen v. Franciscan*

4

*Skemp Healthcare, Inc.*, 630 F.3d 668, 675 (7th Cir. 2011) (ruling that because the employee had been complaining to her employer for years, she was required to offer a valid reason why her most recent complaint would "suddenly trigger retaliation").

Moreover, as the Court already stated, "even if he had established a causal connection between his discrimination complaint and termination, Sacred Heart has submitted evidence that there were 'nondiscriminatory reason for its actions.' Mr. Gagliardi then must demonstrate that his complaints were the 'but-for cause of the challenged employment action.'" Ruling and Order at 24 (quoting *Baldwin v. New York State, State Univ. of N.Y., Coll. at Buffalo*, 690 F. App'x 694, 697 (2d Cir. 2017) (quoting *Burrage v. United States*, 571 U.S. 204, 212 (2014))).

The Court held that Mr. Gagliardi could not show that his gender discrimination complaints were a but-for cause of his termination. Ruling and Order at 24-26. Sacred Heart presented substantial evidence that, "[i]n the fall of 2016 . . . Mr. Gagliardi arrived late to every practice, missed several practices, and missed competitions." *Id.* at 25. Mr. Gagliardi argued then, and argues again now, that Sacred Heart's reasons for terminating him were pretextual. He argues that Sacred Heart administrators knew "he would have to miss practices and would not be available for certain tournaments," and that this knowledge was evidence that their reasons for firing him were pretextual. *Id.*; Mot. for Recons. at 13-17. He also now appears to argue that his lateness and absences did not cause any problems, and therefore could not reasonably serve as a basis for his termination. Mot. for Recons. at 13-17.

To the extent that Mr. Gagliardi attempts to argue again the same points that the Court already considered and rejected, he has not shown that the Court erred in finding no genuine issue of material fact as to Sacred Heart's proffered non-discriminatory reasons for terminating him. Indeed, in his motion for reconsideration, Mr. Gagliardi again only points to his own

5

testimony. As the Court previously stated, "[i]f Mr. Gagliardi's testimony alone on his responsibilities was sufficient to create a genuine issue of material fact, the employee would be determining the scope of his or her employment, and not the employer." Ruling and Order at 26.

To the extent that Mr. Gagliardi is attempting to re-characterize the facts around his tardiness and absences as being not serious enough to warrant his termination, he cannot, both because he "cannot urge pretext simply by questioning whether h[is] misconduct was sufficiently severe to warrant termination," *Bentley v. AutoZoners, LLC*, 935 F.3d 76, 89 (2d Cir. 2019), and because "[a]n argument based on hindsight regarding how the movant would have preferred to have argued [his] case does not provide grounds for [a motion for reconsideration]," *In re Star Gas Sec. Litig.*, 241 F.R.D. at 432.

Mr. Gagliardi also argues that the Court overlooked evidence which supports an inference that [Sacred Heart's] lack of support . . . adversely impacted [Mr.] Gagliardi in terms and conditions of employment," and that this inference, in turn, supports an inference of discriminatory intent. *Id.* at 11-12. But the record lacked admissible evidence that a reasonable juror could conclude that any of these alleged inferences were probative of discriminatory intent, and a jury is not permitted to resort to speculation about unproven facts. *See Prunier v. City of Watertown*, 936 F.2d 677, 680 (2d Cir. 1991) ("To be sure, a jury may not base its verdict on mere speculation, surmise or guesswork."); *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)) (plaintiffs "may not rely on mere speculation or conjecture as to the true nature of the facts to overcome" summary judgment (internal citation omitted)).

He argues further that the Court overlooked two Sacred Heart employees' comments about Mr. Gagliardi's discrimination complaints as evidence supporting an inference that Sacred Heart had discriminatory intent. Mot. for Recons. at 11. As Sacred Heart points out, "[t]his topic was extensively briefed and argued before the Court and no inference was found based on this argument." Def.'s Opp'n Mem. at 7. Mr. Gagliardi has not pointed to any case law suggesting the Court clearly erred in finding no inference of discriminatory intent based on these statements.

The Court finds that Mr. Gagliardi "seeks solely to relitigate [] issue[s] already decided" and has failed to raise any overlooked facts "that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. His motion to reconsider his retaliation claims therefore will be **DENIED**.

**B. Discrimination Claims under Title VII, Title IX, and the Equal Pay Act**

The Court held that because Mr. Gagliardi failed to show that he was comparable to any other employee, he could not establish a prima facie case of discrimination under Title VII, Title IX, or the Equal Pay Act. Ruling and Order at 11-19.

Mr. Gagliardi argues that "the Court was too strict in its application of the comparator standard." Mot. for Recons. at 19. He cites a ruling by another court in the District of Connecticut, stating that "one wonders where Bagley is to find such individual comparators, if not in the ranks of the same faculty in which she taught, where colleagues received Yale reappointments at a time when Yale refused to reappoint her." *Bagley v. Yale Univ.*, No. 3:13-CV-01890 (CSH), 2015 WL 8750901, at *2 (D. Conn. Dec. 14, 2015).

But *Bagley*, which involved comparisons among professors, is inapposite to this case, which involves comparisons among coaches of different sports teams.

The Court concluded that Mr. Gagliardi could not compare his salary to that of other coaches at Sacred Heart, based on caselaw specifically discussing the difficulties of comparing individuals in coaching positions. As the Court explained, while "[s]ome courts have permitted comparisons between coaches of the same sport," Ruling and Order at 11 (internal citations omitted); courts "have been reluctant to find an equality of work between coaches of different sports," *id.* (citing *Weaver v. Ohio State Univ.*, 71 F. Supp. 2d 789, 800 (S.D. Ohio 1998), *aff'd*, 194 F.3d 1315 (6th Cir. 1999)). Thus, Mr. Gagliardi could not plausibly rely on comparisons between his salary and the salaries of other coaches to show unequal pay or gender-based discrimination.

Mr. Gagliardi did not address the Court's reasoning regarding coach comparators. He therefore has not shown that the Court clearly erred.

The Court also concluded that Mr. Gagliardi could not compare himself to Mr. Guastelle, the women's tennis coach, to establish an unequal pay or gender discrimination claim. Ruling and Order at 12. As the Court ruled, Mr. Guastelle "is not an adequate comparator with respect to salary" because his position was senior to and different in kind from Mr. Gagliardi's: Mr. Guastelle "served as the senior associate athletic director, director of tennis, and women's tennis coach," and also "served as Mr. Gagliardi's supervisor, not his peer." Ruling and Order at 12.

Mr. Gagliardi now argues that because Mr. Guastelle "testif[ied] that approximately 30% of his time was spent coaching, . . . his salary for that percentage of his work is available to compare to" Mr. Gagliardi's. Mot. to Recons. at 18.

But as the Court previously stated, "[a]nti-discrimination laws . . . are not an invitation for courts to 'sit as a super-personnel department that reexamines employers' judgments.'" Ruling and Order at 26 (quoting *Ya-Chen Chen*, 805 F.3d at 73 (2d Cir. 2015) (quoting *Delaney*

8

*v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014) (per curiam) (internal quotation marks omitted))). Mr. Gagliardi has not cited to any case where a court has used a percentage of an individual's salary, based on that individual's reported time spent, as a comparator for purposes of an equal pay or discrimination claim. Moreover, there is no record evidence, through expert testimony or otherwise, that this would be a valid approach here. In any event, Mr. Gagliardi cannot now rely on this new argument to succeed on his motion for reconsideration. *In re Star Gas Sec. Litig.*, 241 F.R.D. at 432 ("An argument based on hindsight regarding how the movant would have preferred to have argued [his] case does not provide grounds for [a motion for reconsideration.]"). Mr. Gagliardi thus has not shown clear error.

Accordingly, the Court will deny Mr. Gagliardi's motion to reconsider his discrimination claims under Title VII, Title IX, and the Equal Pay Act.

### III. CONCLUSION

Mr. Gagliardi has failed to raise any new or overlooked information that would lead to a finding of error. Instead, he has reiterated the same arguments the Court has already considered.

The Court therefore **DENIES** Mr. Gagliardi's motion for reconsideration. *See Shrader*, 70 F.3d at 257 (finding that "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (finding that a motion to reconsider "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (internal quotation marks omitted)).

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of January 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE